UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JERRY WAYNE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:06CV0034 AGF |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for reimbursement of attorney's fees in the amount of $3,347.80 (20 hours at an hourly rate of $167.39), and expenses of $83.49, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Plaintiff is the prevailing party in his action challenging the Commissioner of Social Security's denial of Plaintiff's application for supplemental security income. Plaintiff's request for fees is supported by appropriate documentation. The Commissioner does not object to Plaintiff's request, but asserts that the payee of the check must be Plaintiff, rather than Plaintiff's attorney.

A "prevailing party" is entitled to recover fees and expenses under EAJA "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner bears the burden of proving that the denial of benefits was substantially

justified.  Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003) (citation omitted).  The determination of whether the Commissioner's position was substantially justified is a matter for the Court's discretion.  Id.  The standard is whether the Secretary's position is "clearly reasonable, well founded in law and fact, solid though not necessarily correct."  Id.

Upon review of the record, the Court concludes that the Commissioner's position was not substantially justified, and that Plaintiff is entitled to attorney's fees under EAJA.  EAJA provides for a maximum hourly rate of $125.00 per hour for attorney's fees "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  Here, Plaintiff has submitted support for his request for an increase in the hourly rate in the form of the relevant consumer price index.

The Court finds that Plaintiff's application for attorney's fees is reasonable as to hours expended on this matter and that Plaintiff has submitted proof supporting his request for fees in excess of the statutory limit.  Thus, Plaintiff is entitled to $3,347.80 attorneys' fees, plus $83.49 costs.

An award of attorney's fees under the EAJA belongs to the "prevailing party" and not the prevailing party's attorney.  Manning v. Astrue, ___F.3d ___, 2007 WL 4443228, at *3-4 (10th Cir. Dec. 20, 2007); Longo v. Astrue, No. 4:06CCV 852 HEA (E.D. MO. Oct. 19, 2007); Darnell v. Soc. Sec. Adm., No. 4:05CV2211 ERW (E.D. Mo. May 15, 2007).  As such, the award shall be made payable to Plaintiff.

Accordingly,

2

**IT IS HEREBY ORDERED** that Plaintiff's application for attorney's fees and expenses is **GRANTED** in the amount of $3,347.80 in fees and $83.49 in expenses. [Doc. #18]

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of January, 2008.